```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
ANTHONY BUCHANON,                   :
                                    :
         Petitioner,                :   Civ. No. 21-16125 (NLH)
                                    :
    v.                              :   OPINION
                                    :
ACTING WARDEN KODGER,               :
                                    :
         Respondent.                :
_____:

APPEARANCES:

Anthony Buchanon
05722-052
Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    *Petitioner Pro se*

Philip R. Sellinger, United States Attorney
Alexandra Tsakopoulos, Assistant United States Attorney
United States Attorney's Office for the District of NJ
970 Broad Street, Suite 700
Newark, NJ 07102

    *Counsel for Respondent*

<u>HILLMAN</u>, District Judge

    Petitioner Anthony Buchanon, a federal prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his federal sentence for violating his supervised release. ECF No. 1. Respondent United States opposes the petition, arguing that Petitioner failed to exhaust

his administrative remedies prior to filing the petition.  ECF No. 9.

For the reasons below, the Court will dismiss the petition for failure to exhaust.

I.  BACKGROUND

On June 3, 1996, the United States District Court for the Northern District of New York ("Northern District") sentenced Petitioner to a term of 151 months imprisonment followed by five years of supervised release.  United States v. Buchanon, 1:94-cr-0203 (N.D.N.Y.) ("Crim. Case") ECF No. 57.  On January 22, 1998, the Northern District granted the United States' Rule 35 motion and resentenced Petitioner to a term of 78 months imprisonment followed by five years of supervised release.  Crim. Case ECF No. 74.  Petitioner began his term of supervision on January 28, 2000.  Declaration of Deborah Colston ("Colston Dec.") ECF No. 9-1 ¶ 5(c).

On August 31, 2001, the Albany New York Police Department arrested Petitioner on New York State narcotics and weapons charges.  Id. ¶ 6(a).  He was convicted and was sentenced on July 19, 2002.  Id. ¶ 6(b).  "[A]ll sentences were ordered to be served consecutively to any undischarged portion of Defendant's Federal Sentence."  Id. ¶ 6(d).

"On or about August 21, 2002, a Petition for a Warrant or Summons for an Offender under Supervision . . . was issued by

the United States Probation Office" in Petitioner's federal criminal case citing the New York state convictions.  Id. ¶ 7(a); Crim. Case ECF No. 76.  On October 25, 2002, the Northern District sentenced Petitioner to a 36-month term of imprisonment for violating the conditions of his supervised release.  Colston Dec. ¶ 7(b); Crim. Case ECF No. 83.  "At sentencing Mr. Buchanan's sentence was ordered to be served consecutive to any other sentence imposed."  Colston Dec. ¶ 7(b).

Petitioner "was returned to the custody of State of New York, Department of Corrections for the service of his NYS sentences, where he remained until May 12, 2021, when he was released via Parole."  Id. ¶ 7(c).[1]  The United States Marshals took Petitioner into federal custody to begin Petitioner's supervised release violation sentence that same day.  Id. ¶ 7(d).  The Bureau of Prisons ("BOP") calculated Petitioner's federal sentence as commencing "on May 21, 2021 the expiration date of his New York state sentence and release to parole."  Id. ¶ 8.

On July 26, 2021, Petitioner filed this § 2241 petition in the Northern District.  ECF No. 1.  The Northern District transferred the petition to this Court on August 26, 2021 as Petitioner was incarcerated in FCI Fort Dix, New Jersey.  ECF

---

[1] Petitioner was brought into temporary federal custody on a writ of habeas corpus ad prosequendum.  Colston Dec. ¶ 7(a).

No. 5.  This Court ordered the United States to file an answer or motion to dismiss.  ECF No. 7.  The United States filed an answer arguing the petition should be dismissed as Petitioner failed to exhaust his BOP administrative remedies prior to filing the petition.  ECF No. 9.  Petitioner filed a reply asserting that the Court should excuse any failure to exhaust.  ECF No. 12 at 4.

II.  STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally.  See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

III. DISCUSSION

The United States argues the § 2241 petition should be dismissed because Petitioner failed to exhaust the BOP's administrative remedy procedures.  "Although there is no statutory exhaustion requirement attached to § 2241," the Third

4

Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The BOP's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "In order to exhaust administrative remedies, an inmate must first present his complaint to the Warden of the institution where he is confined." Declaration of Corrie Dobovich ("Dobovich Dec.") ECF No. 9-2 ¶ 5. "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed

5

the response." Id.  "Appeal to the General Counsel is the final administrative appeal."  Id.

Petitioner submitted administrative remedy request No. 1094698-F1 on September 16, 2021 asking for release or resentencing because his supervised release sentence was illegal.  ECF No. 12 at 11.  He also asked to be released due to COVID-19.  Id.  The Administrative Remedy Coordinator at FCI Fort Dix procedurally rejected the request on September 17, 2021 because it included "multiple issues/complaints, which were not closely related."  Dobovich Dec. ¶ 11 (citing BOP Program Statement 1330.18 ("If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue.")).  The rejection notice instructed Petitioner to "separate issues of sentence computation and compassionate release and refile.  Please follow appropriate protocol on filing [compassionate] release request."  ECF No. 12 at 12.

Petitioner filed a second request, No. 1094698-F2 on September 17, 2021, restating his sentence computation argument.  Id. at 13.  The Acting Warden denied the request on October 8, 2021, and informed Petitioner of his right to appeal to the Regional Director.  Id. at 14.

6

Petitioner filed an appeal on October 18, 2021. Id. at 16. The Northeast Regional Office procedurally rejected the appeal on October 28, 2021. Id. at 18. The rejection notice stated that Petitioner had failed to provide a copy of the "administrative remedy request (BP-9) form or a copy of the (BP-09) response from the Warden." Id. It further noted that all documents had to "be legible and worded the same. Photocopies of the form will not be accepted." Id. Petitioner was notified that he could resubmit the appeal within 10 days. Id. Petitioner has not submitted documentation that he resubmitted the appeal to the Northeast Regional Office or that he filed a BP-11 with the BOP General Counsel. Therefore, Petitioner has not exhausted his administrative remedies.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]" Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Petitioner argues that the Court should excuse the failure to exhaust because "the Government cannot allow an illegal or incorrect sentence to stand for it is a violation[] of due process." ECF No. 12 at 4. The BOP is charged with calculating federal sentences, see 18 U.S.C. § 3585, and Petitioner deprived the BOP of the chance "to develop a factual record and apply its expertise" before filing this matter in federal court. Moscato, 98 F.3d at 761. The

Government has not denied the Petitioner due process.  To the contrary, it is the Petitioner who has chosen not to utilize the process the Government provides to review the sentence he contends is unlawful.  Accordingly, the Court will dismiss the petition for failure to exhaust.

IV. CONCLUSION

    For the foregoing reasons, the habeas petition will be dismissed for failure to exhaust administrative remedies.

    An appropriate order will be entered.


Dated: November 13, 2023        s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.